IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

| | | |
|---|---|---|
| RICHARD JOSEPH REZNICK, | : | CASE NO. 4:15-cv-01693-MWB |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | (Magistrate Judge Cohn) |
| COMMISSIONER OF | | |
| SOCIAL SECURITY | : | |
| Defendant. | : | |

## ORDER

October 12, 2016

## I.     Introduction

Richard Joseph Reznick, hereinafter "Plaintiff," commenced this action by filing a complaint on August 31, 2015, which appealed a final decision by the Commissioner of Social Security, hereinafter "Defendant," denying Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-433, 1382-1383 and Social Security Regulations, 20 C.F.R. §§404.1501.[1] Magistrate Judge Cohn issued a Report and Recommendation on June 3, 2016, finding that the decision of the Administrative Law Judge (ALJ) was supported by substantial evidence and recommending that this Court deny

---

[1] ECF No 1.

Plaintiff's appeal.[2] Plaintiff timely objected to the Report and Recommendation on June 16, 2016.[3] Defendant responded to plaintiff's objections on July 14, 2016.[4] For the reasons that follow, the Court will now adopt Magistrate Judge Cohn's Report and Recommendation.

## II.    Standard of Review

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and … submit to a judge of the court proposed findings of fact and recommendations."[5] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[6] When objections are timely filed, the district court must conduct a de novo review of those portions of the report to which objections are made.[7]. Although the standard of review for objections is de novo, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[8]

---

[2] ECF No. 15.
[3] ECF No. 16.
[4] ECF No. 19.
[5] 28 U.S.C. 636(b)(1)(B)
[6] 28 U.S.C. 636(b)(1)
[7] 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011)
[8] *Rieder v. Apfel*, 115 F. Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[9] Regardless of whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[10]

The Court has reviewed the entirety of Magistrate Judge Cohn's Report and Recommendation and finds that it contains no clear error. Further, the Court has reviewed *de novo* those portions of the Report and Recommendation that have been objected to by the Plaintiff, and finds these objections to be without merit.

## III.   Discussion

Plaintiff objects to Magistrate Judge Cohn's Report and Recommendation on three grounds. First, Plaintiff asserts that "appropriate circumstances" did not exist for ALJ to attribute greater weight to the opinion of a non-treating physician than two treating physicians. Second, Plaintiff asserts that the ALJ did not "credit" the opinion of the non-examining source, and therefore failed to attribute significant weight to any medical opinion. Third, Plaintiff asserts that ALJ did not properly

---

[9] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010)(*citing Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)
[10] 28 U.S.C. § 636(b)(1); Local Rule 72.31

accommodate Dr. Peterson's opinion when it allowed Plaintiff to sit and stand every sixty minutes.

A. *"Appropriate circumstances" existed such that it was appropriate for ALJ to attribute greater weight to Dr. Gryczkco's opinion than to Dr. Peterson's and Dr. Kowalski's opinions.*

Under the Social Security Regulations, ALJ will generally "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]."[11] A treating source's opinion will receive "controlling weight" where it is "well-supported by medically acceptable clinic and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence" in the case record.[12]

Opinions from State agency medical consultants may constitute substantial inconsistent evidence, and therefore receive greater weight than the opinions of treating or examining sources, in "appropriate circumstances."[13] SSR 96-6 does not define "appropriate circumstances," but provides an example of a situation that would constitute an appropriate circumstance: when the opinion of a State agency medical consultant is based upon a review of the case record that includes a

---

[11] 20 C.F.R. § 404.1527(c)(1).
[12] 20 C.F.R. § 404.1527.
[13] SSR 96-6p, 1996 WL 374180.

4

medical report from a specialist, when the report provides more detailed and comprehensive information than was available to the treating source.[14]

In his objections, Plaintiff asserts that "the Court should reject the R&R" on the basis that Magistrate Judge Cohn's Report and Recommendation misconstrued the term "appropriate circumstance" when it referenced the above example using an ellipsis.[15] In the Report and Recommendation, Magistrate Judge Cohn states the following: "SSR 96-6p does not define 'appropriate circumstances,' but provides an example: when the non-treating, non-examining source was able to review a 'complete case record… which provides more detailed and comprehensive than what was available to the individual's treating source.'"[16] In this citation, the ellipsis replaced the words "that includes a medical report from a specialist in the individual's particular impairment." [17]

Plaintiff asserts that the Report and Recommendation should be rejected on this basis because it resulted in the "most critical part of the sentence" being "ostensibly omit[ted]."[18] Plaintiff further suggests that this use of punctuation renders "the analysis within the R&R [] incomplete."[19] However, Plaintiff's

---

[14] SSR 96-6P, 1996 WL 374180.
[15] ECF No. 16 p. 16.
[16] ECF No. 19 p. 13.
[17] Id.
[18] ECF No. 16 p. 5.
[19] Id. p. 6.

contention is not relevant because Magistrate Judge Cohn did not rely on this example as a means to prove that the present case constituted an appropriate circumstance, nor did he suggest that Plaintiff's case fit within this example. Instead, the magistrate judge merely noted the example to provide further insight as to what may constitute an "appropriate circumstance."

Further, Plaintiff declares that, under SSR 96-2p, "the treating source opinion must be granted deference."[20] SSR 96-2p, however, reminds adjudicators that when a treating source medical opinion is inconsistent with other substantial evidence, this does not necessarily mean that the opinion should be rejected.[21] Instead, it only means that the opinion is not entitled to "controlling weight."[22] SSR 96-2p notes that "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927."[23] In this case, the ALJ weighed the factors in 20 C.F.R. § 404.1527(c) and found that they supported the non-treating opinion more than the treating opinions.

The Court has reviewed the reasoning of the ALJ and its finding that the opinion of Dr. Kowalski was entitled to "limited weight," the opinion of Dr.

---

[20] ECF No. 16 p. 8.
[21] SSR 96-2P, 1996 WL 374188.
[22] Id.
[23] Id.

Peterson was entitled to "very little weight", and the opinion of Dr. Gryczkco was entitled to "some weight."[24] The Court finds that the ALJ utilized sound reasoning in making these determinations.

Plaintiff next asserts that ALJ's erroneous finding that Dr. Kowalski's opinion was "equivocal" was not harmless error. The ALJ found that Dr. Kowalski's opinion was "equivocal," and rejected the opinion for this and other reasons, including that it was "not well supported by the evidence."[25] Magistrate Judge Cohn found that the ALJ erred when it found Dr. Kowalski's opinion equivocal, but reasoned that this error was not harmful because ALJ's remaining rationales provided substantial evidence for the ALJ's decision. Plaintiff argues that the Report and Recommendation erred in determining that this error was harmless, asserting that only one of the five factors in 20 C.F.R. § 404.1527 weighed in favor of Dr. Gryczkco while the other four factors weighed in favor of Dr. Kowalski and Dr. Peterson.

Magistrate Judge Cohn, however, noted the "distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision."[26] Magistrate Judge Cohn also considered the reasoning set forth by the United States Court of Appeals for the Sixth Circuit in <u>Francis v.</u>

---

[24] ECF No. 10 p. 37.
[25] ECF No. 10 p 37.
[26] SSR 06-3p.

Comm'r Soc. Sec. Admin. In Francis, the court noted that while ALJ is instructed to consider the factors set forth in 20 C.F.R. § 404.1527(c), ALJ's decision is only required to include "'good reasons … for the weight… give[n] [to the] treating source's opinion'- not an exhaustive factor-by-factor analysis."[27] Magistrate Judge Cohn correctly concluded that the ALJ was entitled to rely on Dr. Gryczcko's opinion, which was "well-reasoned" and "better explained," after a "careful and prudent review of the record as a whole, including the claimant's hearing testimony."[28]

B. *Magistrate Judge Cohn did not err when it found that the ALJ relied on Dr. Gryczkco's opinion.*

Plaintiff next asserts that the Report and Recommendation erred by concluding that the ALJ credited the opinion of Dr. Gryczkco. Plaintiff states that the ALJ did not credit Dr. Gryczkco's opinion, and therefore the ALJ failed to explain what medical opinion was relied upon in determining Plaintiff's residual functional capacity. Plaintiff points to McKay v. Colvin to support his conclusion that the ALJ's failure to credit any medical opinion requires remand of the case.[29] However, McKay is distinguishable from the present case because here, unlike in McKay, the ALJ has not substituted its own opinion in place of a medical opinion.

---

[27] Francis v. Comm'r Soc. Sec. Admin, 414 Fed.Appx. 802, 804-05 (6th Cir. 2011).
[28] ECF 10 No. 37.
[29] McKay v. Colvin, 2015 WL 5124119, at *1 (M.D. Pa. Aug. 13, 2015).

The McKay court found that ALJ erred when it afforded little weight to multiple medical opinions it found inconsistent with "objective evidence of record," while at the same time failing to "give any significant or great weight to any medical opinion."[30] The McKay court cited to Ferguson v. Schweiker for the proposition that "'ALJ is not free to set his own expertise against that of a physician who presents competent evidence' by independently 'reviewing and interpreting' the medical evidence."[31]

In the present case, the ALJ has not independently reviewed and interpreted the medical evidence or rejected a medical opinion in order to substitute its own opinion. Instead, the ALJ attributed "limited weight" to the medical opinion of Dr. Kowalski and "some weight" to the medical opinion of Dr. Gryczkoc when making its determination. Further, the ALJ gave "great weight" to Plaintiff's GAF Score insofar as it constituted an opinion by Dr. Rahman regarding Plaintiff's functional limitations.[32] Plaintiff asserts that the ALJ erred because it did not "fully accept" or "fully rely upon" Dr. Gryczkoc's opinion. However, McKay only requires that the ALJ "give any significant or great weight to any medical opinion."[33] It is appropriate to determine that the "some weight" the ALJ afforded to Dr.

---

[30] McKay v. Colvin, 2015 WL 5124119, at *12.
[31] Id. at 13.
[32] ECF No. 10 p. 37.
[33] McKay v. Colvin, 2015 WL 5124119, at *13.

Gryczkoc's opinion and the "great weight" afforded to Plaintiff's GAF score constitute "significant" weight attributed to a medical opinion.

Plaintiff next argues that Dr. Gryczkoc's opinion did not constitute substantial evidence, and therefore it could not constitute "inconsistent substantial evidence" contradicting Dr. Kowalski's opinion. Plaintiff references Morales v. Apfel for two propositions related to this point.[34] First, Plaintiff states that "[a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence."[35] However, the ALJ did not ignore or fail to resolve the conflict between the medical opinions. Instead, the ALJ performed a "careful and prudent review of the record as a whole" and found that Dr. Gryczkoc's opinion was entitled to the most significant weight.

Likewise, Plaintiff notes that evidence is not substantial "if it is overwhelmed by other evidence- particularly certain types of evidence (e.g., that offered by treating physicians)--  or if it really constitutes not evidence but mere conclusion."[36] Plaintiff fails to note, however, that Dr. Gryczkoc's opinion was not "overwhelmed" by the record or the opinions of Plaintiff's treating physicians. Instead, those opinions were properly entitled to less weight because Dr.

_____

[34] See Morales v. Apfel, 225 F. 3d 310, 317-18 (3d Cir. 2000).
[35] ECF No. 16 p. 16.
[36] ECF No. 16 p. 16.

Gryczkco's opinion was better supported, more consistent with record evidence, and was based upon a review of the complete record.

In response to Plaintiff's assertion that "the ALJ assessed a residual functional capacity greater than any medical opinion of record," the Court respectfully directs Plaintiff to C.F.R. § 404.1527(d)(2), which notes that while opinions from medical sources are considered by the Commissioner, a final decision as to the claimant's residual functional capacity is reserved to the Commissioner.[37]

*C. Magistrate Judge Cohn did not err in finding that the ALJ properly accommodated Dr. Peterson's opinion by providing Plaintiff the opportunity to sit and stand at will.*

Plaintiff asserts that Magistrate Judge Cohn erred in finding that Dr. Peterson's opinion was properly accommodated in regards to Plaintiff's sitting and standing limitations. The ALJ stated that Plaintiff "would require the ability to sit or stand every 60 minutes in order to change position." [38] First, Dr. Kowalski and Dr. Peterson's sit-stand limitations were not binding on the ALJ these opinions were entitled to little or limited weight. Second, those aspects of Dr. Kowalski's and Dr. Peterson's opinions that would allow Plaintiff to sit or stand every fifteen to twenty minutes are inconsistent with Plaintiff's own testimony that he is able to sit and

---

[37] 20 C.F.R. § 404.1527.
[38] ECF No. 10 p. 34.

stand for up to sixty minutes at a time, the medical evidence of record, and

Plaintiff's recreational activities such as fishing and hunting.

Accordingly, it is HEREBY ORDERED:

1. The Report and Recommendation of the magistrate judge is ADOPTED IN
   FULL. ECF No. 15.

2. The decision of the Commissioner is AFFIRMED.

3. The Clerk is directed to enter final judgment in favor of the Commissioner
   and against the Plaintiff.

4. The Clerk is further directed to close the case file.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge